FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2021 JAN 15 P 3:43

CAROL L. MICHEL
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

# FELONY

### INDICTMENT FOR WIRE FRAUD, MONEY LAUNDERING, FALSE STATEMENTS, AND NOTICE OF FORFEITURE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.:** 21-3 |
| v. | * | **SECTION:** SECT. F MAG. 1 |
| **RITCHEL MOREHEAD** | * | **VIOLATIONS:** 18 U.S.C. § 1001 |
| | | 18 U.S.C. § 1343 |
| | * | 18 U.S.C. § 1957 |
| | * * * | |

The Grand Jury charges that:

### COUNTS 1 - 7
### (Wire Fraud)

#### A. AT ALL TIMES MATERIAL HEREIN:

1. The defendant, **RITCHEL MOREHEAD** ("**MOREHEAD**"), resided in or around Covington, Louisiana, which is in the Eastern District of Louisiana.

2. **MOREHEAD** owned Chel Corporation, a Texas corporation. Chel Corporation maintained a bank account at Comerica Bank, and **MOREHEAD** was an authorized signatory on the account. **MOREHEAD** also had a personal account at Comerica Bank, for which she was the sole authorized signatory.



X Fee  USA
___ Process_____
X Dktd_____
___ CtRmDep_____
___ Doc.No._____

3. From on or about March 14, 2018, through on or about November 7, 2018, **MOREHEAD** had an account at Bank of America, under the name of Chel Corporation, for which she was the sole authorized signatory. The account was closed on or about November 7, 2018.

4. Individual 1 was a business person, who resided in or around Covington, Louisiana, which is in the Eastern District of Louisiana.

5. Individual 2 was a business person, who resided in or around Princeton, New Jersey, and never traveled to the Eastern District of Louisiana during the time frame of this Indictment. Individual 2 was in the business of arranging financing for loans for clients. Individual 2's clients included Victim 1, Victim 2, Victim 3, Victim 4, Victim 5, and Victim 6 (collectively, "the Clients").

6. Victim 1 was a potential borrower, who resided in California, and sought to obtain a loan from **MOREHEAD**.

7. Victim 2 was a potential borrower, who resided in California, and sought to obtain a loan from **MOREHEAD**.

8. Victim 3 and Victim 4 were potential borrowers, who resided in Oregon, and sought to obtain a loan from **MOREHEAD**.

9. Victim 5 was a potential borrower, who resided in California, and sought to obtain a loan from **MOREHEAD**.

10. Victim 6 was a potential borrower, who resided in Georgia, and sought to obtain a loan from **MOREHEAD**.

## B. THE SCHEME AND ARTIFICE TO DEFRAUD:

It was part of the scheme and artifice to defraud that, beginning on or about December 3, 2018, and continuing until at least February 19, 2019, in the Eastern District of Louisiana and elsewhere, the defendant, **MOREHEAD**, did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, by soliciting funds and causing funds to be transferred to bank accounts under **MOREHEAD**'s control, by soliciting and receiving money that she used to unlawfully enrich herself, while misleading the victims of the scheme by stating that the funds sent to **MOREHEAD** were fees, costs, and down payments in advance of loans from **MOREHEAD** and Chel Corporation, when in fact she embezzled the funds for her own purposes, including spending the funds on a vehicle and other personal expenses, and transferring the funds to bank accounts outside of the United States.

It was further a part of the scheme and artifice to defraud that **MOREHEAD** informed Individual 1 that **MOREHEAD** was able to finance large loans. Individual 1 introduced **MOREHEAD** to Individual 2, who was in the business of finding funding sources for large loans, on behalf of the Clients and others. **MOREHEAD** told Individual 2 that she was willing to fund loans to the Clients.

It was further a part of the scheme and artifice to defraud that **MOREHEAD** communicated with Individual 1 and Individual 2 via electronic mail, text message, messaging application, and telephone regarding potential loans to the Clients and others.

It was further a part of the scheme and artifice to defraud that **MOREHEAD** entered into contracts with each of the Clients in which **MOREHEAD**, on behalf of Chel Corporation, agreed to fund loans to the Clients and their corporations. The terms of those loans included "binder fees

and costs" paid up front to **MOREHEAD**, and in several cases the loans required the Clients to agree to send down payments to **MOREHEAD** as part of the loan agreement. **MOREHEAD** told Individual 1 that **MOREHEAD** would compensate Individual 1 and Individual 2 for their work in arranging the loans by paying them with a percentage of the loans as a commission.

It was further a part of the scheme and artifice to defraud that, on or about December 27, 2018, **MOREHEAD** solicited and received $20,000 from Victim 1, by falsely stating to Victim 1 that the funds were binder fees and costs for a loan in the amount of $11,500,000 from Chel Corporation to Victim 1's corporation.

It was further a part of the scheme and artifice to defraud that, on or about January 1, 2019, **MOREHEAD** solicited and received $20,000 from Victim 2, by falsely stating to Victim 2 that the funds were a binding fee for a loan in the amount of $9,500,000 from Chel Corporation to Victim 2's corporation.

It was further a part of the scheme and artifice to defraud that, on or about January 2, 2019, **MOREHEAD** solicited and received $20,000 from Victim 3 and Victim 4, by falsely stating to Victim 3 and Victim 4 that the funds were binder fees and costs for a loan in the amount of $4,200,000 from Chel Corporation to Victim 3 and Victim 4.

It was further a part of the scheme and artifice to defraud that, on or about January 4, 2019, **MOREHEAD** solicited and received $40,000 from Victim 5, by falsely stating to Victim 5 that the funds were binder fees and costs for a loan in the amount of $17,925,000 from Chel Corporation to Victim 5's corporations.

It was further a part of the scheme and artifice to defraud that, on or about January 4, 2019, **MOREHEAD** solicited and received $30,000 from Victim 1, by falsely stating to Victim 1 that the funds were "binder fees and costs" for a loan in the amount of $18,500,000 from Chel Corporation to Victim 1's corporation.

It was further a part of the scheme and artifice to defraud that, on or about January 18, 2019, **MOREHEAD** emailed a forged Bank of America account statement to Individual 1 and Individual 2 to convince them that she had the ability to fund the Clients' loans. The forged account statement showed that a Chel Corporation checking account had a beginning balance on December 1, 2018, of over $3 billion, and an ending balance on January 15, 2019, of over $1.2 billion, with an average ledger balance during that period of over $17 billion, when in fact the account had been closed in November of 2018. In or around November 2018, the final month for which Chel Corporation's Bank of America account was open, its actual opening balance was $5,884.82, with an average ledger balance of $902.16 and a closing balance of $0.

It was further a part of the scheme and artifice to defraud that, on or about January 25, 2019, **MOREHEAD** solicited and received $30,000 from Victim 6, by falsely stating to Victim 6 that the funds were binder fees and costs for a loan in the amount of $100,000,000 from Chel Corporation to Victim 6's corporation.

It was further a part of the scheme and artifice to defraud that, on or about February 1, 2019, **MOREHEAD** solicited and received a total of $300,000 from Victim 2, by stating to Victim 2 that the funds were a down payment for a loan in the amount of $9,500,000 from Chel Corporation to Victim 2's corporation.

It was further a part of the scheme and artifice to defraud that, on or about February 6, 2019, **MOREHEAD** sent a text message to Individual 1, instructing Individual 1 that the $9,500,000 loan to Victim 2's corporation would be funded. On or about February 9, 2019, Individual 1 sent an email to **MOREHEAD** and Individual 2, stating that Victim 2's binding fees and deposit had been paid, and asking whether **MOREHEAD** still planned to fund the loan to Victim 2.

It was further a part of the scheme and artifice to defraud that **MOREHEAD** agreed that the binder fees and costs for each of these loans shall be returned to the borrowers if the loan does not take place. In fact, **MOREHEAD** took the Clients' funds without providing any loans to the Clients or reimbursing their fees and down payments. During this period, **MOREHEAD** spent over $55,000 on a Lexus vehicle for herself, made several cash withdrawals, and purchased jewelry and other personal items.

It was further a part of the scheme and artifice to defraud that, between on or about February 8, 2019, through on or about February 12, 2019, **MOREHEAD** made a series of transfers between the two Comerica accounts she controlled, moving the proceeds of the scheme back and forth between accounts. On or about February 11, 2019, **MOREHEAD** initiated two wire transfers, involving approximately $254,700 of proceeds from the scheme to defraud, from Comerica to banks in the Philippines.

### C. THE EXECUTIONS:

On or about the dates and in the approximate amounts specified in each wiring below, in the Eastern District of Louisiana and elsewhere, the defendant, **MOREHEAD**, for the purpose of executing and attempting to execute the scheme and artifice to defraud set forth above, did transmit

and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, as more particularly described below:

| Count | Date | Description of Wire Communication |
|---|---|---|
| 1 | December 27, 2018 | An email between New Jersey and Louisiana, concerning a wire transfer of $20,000 from Victim 1 |
| 2 | January 1, 2019 | An email between New Jersey and Louisiana, concerning a wire transfer of $20,000 from Victim 2 |
| 3 | January 2, 2019 | An email between New Jersey and Louisiana, concerning a wire transfer of $20,000 from Victims 3 & 4 |
| 4 | January 4, 2019 | An email between New Jersey and Louisiana, concerning a wire transfer of $40,000 from Victim 5 |
| 5 | January 4, 2019 | An email between New Jersey and Louisiana, concerning a wire transfer of $30,000 from Victim 1 |
| 6 | January 25, 2019 | An email between New Jersey and Louisiana, concerning a wire transfer of $30,000 from Victim 6 |
| 7 | February 9, 2019 | An email between New Jersey and Louisiana, concerning wire transfers totaling $320,000 from Victim 2 |

All in violation of Title 18, United States Code, Section 1343.

## COUNT 8
### (Money Laundering)

A. **AT ALL TIMES MATERIAL HEREIN:**

The allegations of Parts A and B of Counts 1 through 7 are hereby re-alleged and incorporated herein by reference.

B. **THE OFFENSE:**

On or about February 11, 2019, in the Eastern District of Louisiana and elsewhere, the defendant, **RITCHEL MOREHEAD**, did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, the transfer of $254,700 to the Philippines, such property having been derived from a specified unlawful activity, that is, wire fraud as charged in Counts 1 through 7 of this Indictment.

All in violation of Title 18, United States Code, Section 1957.

## COUNT 9
### (False Statements)

A. **AT ALL TIMES MATERIAL HEREIN**:

The allegations of Parts A and B of Counts 1 through 7 are hereby re-alleged and incorporated herein by reference.

B. **THE OFFENSE**:

On or about February 15, 2019, in the Eastern District of Louisiana, in a matter within the jurisdiction of the United States Department of Justice, a department of the Government of the United States, the defendant, **RITCHEL MOREHEAD**, did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations to a Special Agent of Homeland Security Investigations and a Special Agent of the United States Secret Service, to wit: **MOREHEAD** denied that she had sent or received any money by wire transfer recently, and that she made money in real estate by flipping houses, when in truth and in fact, as she then knew, she had defrauded the victims of her scheme out of approximately $460,000, and she had wired approximately $256,700 to banks in the Philippines days earlier.

All in violation of Title 18, United States Code, Section 1001.

### NOTICE OF FORFEITURE

1. The allegations of Counts 1 through 9 are incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States.

2. As a result of the offenses alleged in Counts 1 through 7, the defendant, **RITCHEL MOREHEAD**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property real or personal which constitutes or is derived from proceeds traceable to said offenses.

8

3. As a result of the offense alleged in Count 8, the defendant, **RITCHEL MOREHEAD**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a), any property, real or personal, involved in said offense, and any property traceable to such property.

4. If any of the above-described property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall seek a money judgment and, pursuant to Title 21, United States Code, Section 853(p), forfeiture of any other property of the defendant up to the value of said property.

A TRUE BILL:

_____
FOREPERSON

PETER G. STRASSER
UNITED STATES ATTORNEY

_____
NICHOLAS D. MOSES
Assistant United States Attorney

New Orleans, Louisiana
January 15, 2021

FORM OBD-34

No. ____

# UNITED STATES DISTRICT COURT
Eastern District of Louisiana
Criminal Division

## THE UNITED STATES OF AMERICA
vs.
### RITCHEL MOREHEAD

## INDICTMENT
### FOR WIRE FRAUD, MONEY LAUNDERING, AND FALSE STATEMENTS

**VIOLATIONS:** 18 U.S.C. § 1001
18 U.S.C. § 1343
18 U.S.C. § 1957

A true bill ▬▬▬▬▬▬▬▬▬▬
_____
Foreperson

Filed in open court this _____ day of _____ A.D. 2021.

_____
Clerk

Bail, $ _____

_____
NICHOLAS D. MOSES
Assistant United States Attorney